

**T**HE **C**ITY OF **N**EW **Y**ORK

ZACHARY W. CARTER
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

SUZANNA PUBLICKER METTHAM
*Senior Counsel*
Tel.: (212) 356-2356
smettham@law.nyc.gov

December 14, 2017

**BY ECF**
Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Smith v. City of New York et al., 17-cv-6104 (WHP)

Your Honor:

   I am the Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York ("City"), representing defendant City in the above-referenced matter.[1] Defendant City writes in response to Your Honor's October 18, 2017 Valentin Order.[2]

   By way of background, Plaintiff filed the complaint in this matter on August 11, 2017, alleging that while he was incarcerated on Rikers Island on May 26, 2017, an unidentified number of New York City Department of Correction ("DOC") Officers, along with defendant Correction Officer McQuillar, used excessive force against him in the course of a cell search. (Complaint, Dkt. No. 1 at ¶¶ 8-12). Further, Plaintiff alleges that unidentified defendants "deprived [him of] proper medical attention," and that defendant City failed "to train employees." (Complaint, Dkt. No. 1 at ¶¶ 27, 31). On October 18, 2017, Your Honor issued an Order of Service which, *inter alia¸* ordered the New York City Law Department to identify (1) George R. Vierno Center ("GRVC") "Chief Security John Doe," (2) "GRVC Warden John & Jane

---

[1] This case is assigned to Assistant Corporation Counsel Daron Ravenborg, who is presently awaiting admission to the New York Bar and is handling this matter under my supervision. Mr. Ravenborg may be reached directly at 212-356-0822 or dravenbo@law.nyc.gov.

[2] All John and Jane Does identified in this Order are current DOC employees and electronic requests for a waiver of service can be made under the e-service agreement for cases involving DOC defendants.

Doe," (3) "GRVC Deputy John & Jane Doe," (4) "GRVC Officers John Does," and (5) "GRVC Captains John & Jane Does." (Oct. 18, 2017 Order, Dkt. No. 9).

### 1. GRVC Chief Security John Doe

There are no factual allegations regarding the personal involvement of a "Chief Security" in Plaintiff's complaint. To the extent the "Chief Security" is mentioned in the complaint, he or she is only referenced, along with named and unnamed wardens, deputies, captains, and officers, in the Claims of Relief section for "falon to provid Care, Custody, Control at D.O.C. of New York" and for having "violated and deprived plaintiff of medical as '<u>USE OF FORCE</u>' was conducted as plaintiff was place in the solutary confinement which infringe his 1, 2, 4, 5, 6, 8, 14 Amendment to be free from excessive force being use." [sic] (Complaint, Dkt. No. 1 at ¶¶ 30-31) (emphasis in original). Moreover, upon information and belief, the DOC does not maintain a title of "Chief Security" or "Chief of Security," and there is no individual identified as "Chief of Security" at GRVC. To the extent Plaintiff intended to name the Deputy Warden of Security in the complaint as the "Chief Security," upon information and belief, the name, shield number, and service address of the Deputy Warden of Security at GRVC on May 26, 2017 was:

- Deputy Warden of Security Jean Rene; Shield No. 278; Otis Bantum Correctional Center, 16-00 Hazen Street, East Elmhurst, NY 11370.

### 2. GRVC Warden John and Jane Does

There are no factual allegations as to the personal involvement of any "GRVC Warden" in Plaintiff's complaint. To the extent a Warden is mentioned in the complaint, he or she is only referenced, along with named and unnamed deputies, captains, and officers, in the Claims of Relief section for "falon to provid Care, Custody, Control at D.O.C. of New York" and for having "violated and deprived plaintiff of medical as '<u>USE OF FORCE</u>' was conducted as plaintiff was place in the solutary confinement which infringe his 1, 2, 4, 5, 6, 8, 14 Amendment to be free from excessive force being use." [sic] (Complaint, Dkt. No. 1 at ¶¶ 30-31) (emphasis in original). Moreover, upon information and belief, GRVC did not operate with a Warden in May of 2017. Instead, there was a Commanding Officer of GRVC in May of 2017, whose title was the "Deputy Warden in Charge." To the extent Plaintiff intended to name the Commanding Officer of GRVC in the complaint, upon information and belief, the name, shield number, and service address of the Deputy Warden in Charge of GRVC in May of 2017 was:

- Deputy Warden in Charge Joseph Caputo; Anna M. Kross Center, 18-18 Hazen Street, East Elmhurst, NY 11370.

### 3. GRVC Deputy John and Jane Doe

The only Deputy referenced in the Statement of Facts section of Plaintiff's complaint is a "Deputy Comron." (Complaint, Dkt. No. 1 at ¶¶ 11-14). Upon information and belief, there is no DOC employee by that name. (Waiver of Service Unexecuted, Dkt. No. 12). The only other identifying information in the complaint as to "Deputy Comron" is her gender, identified by Plaintiff when Plaintiff stated "Deputy Comron [was] also taking picture of the use of force of *her* code worker's action. . ." [sic] (Complaint, Dkt. No. 1 at ¶14) (emphasis added). Upon

information and belief, there was an Assistant Deputy Warden present in GRVC on the day of the incident by the name of Cameron, however, Assistant Deputy Warden Cameron is male. Upon information and belief, the name, shield number, and service address of that individual is:

- Assistant Deputy Warden Charlie Cameron; Shield No. 1300; George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, NY 11370.

### 4. GRVC Officer John Does

Plaintiff's complaint alleges that defendant Correction Officer McQuillar searched Plaintiff with four "new recruiters" present. (Complaint, Dkt. No. 1 at ¶¶ 2-4). It does not appear from the undersigned's reading of the complaint that Plaintiff intends to sue any of the four "new recruiters," as Plaintiff does not refer to them at any point as "John Does." However, Plaintiff does allege that two John Doe officers dragged Plaintiff *after* he was allegedly pushed by defendant McQuillar and assaulted by a John Doe officer. (Complaint, Dkt. No. 1 at ¶¶ 9, 11). Upon information and belief, two officers aside from defendant McQuillar were involved in a use of force incident involving plaintiff on the date of incident. The names, shield numbers, and service addresses of those two officers are:

- Correction Officer Jose Ramirez; Shield No. 12829; George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, NY 11370; and

- Correction Officer Jose Nieves; Shield No. 10384; George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, NY 11370.

### 5. GRVC Captain John and Jane Does

The only captain specifically identified in the complaint is "Captain Pain." (Complaint, Dkt. No. 1 at ¶¶ 18). Upon information and belief, there is no DOC employee by that name. (Waiver of Service Unexecuted, Dkt. No. 12). To the extent "Captain Pain" is mentioned in the Statement of Facts section of the complaint, he or she is only referenced when Plaintiff states he "received a copy of the [infraction] decision from captain pain. . ." (Complaint, Dkt. No. 1 at ¶¶ 18). There are no other factual allegations as to the involvement of this individual. Plaintiff also mentions a "hearing captain" who tells "plaintiff to wait for a decision in the mail about [his] hearing verdict" and who "didn't review the camers[,]" [sic], a "housing area captain" who viewed a video, and a captain who "still found plaintiff guilty of all charges which video camer show's plaintiff wasn't refusing a direct order." [sic] (Complaint, Dkt. No. 1 at ¶¶ 17-19). It is not clear from the face of the complaint who or how many captains Plaintiff intends to sue, nor whether any of these other captains are "Captain Pain." "Captain Pain" and the other captains are mentioned again in the Claims of Relief section, along with named and unnamed wardens, deputies, and officers, for "falon to provid Care, Custody, Control at D.O.C. of New York" and for having "violated and deprived plaintiff of medical as '<u>USE OF FORCE</u>' was conducted as plaintiff was place in the solutary confinement which infringe his 1, 2, 4, 5, 6, 8, 14 Amendment to be free from excessive force being use." [sic] (Complaint, Dkt. No. 1 at ¶¶ 30-31) (emphasis in original). Nevertheless, upon information and belief, the name, shield number, and service address of the adjudicating captain in Plaintiff's disciplinary hearing is:

3

- Captain Natasha Petty; Shield No. 1626; 8 Executive Circle, East Elmhurst, NY 11370.

Thank you for your consideration herein.

                                                Respectfully submitted,

                                                _____/s/_____

                                                Suzanna Publicker Mettham
                                                *Senior Counsel*
                                                Special Federal Litigation Division

**CC:** **BY FIRST-CLASS MAIL**
Sean Smith, DIN No. 17-R-2463
*Plaintiff Pro Se*
Franklin Correctional Facility
62 Bare Hill Rd.
P.O. Box 10
Malone, NY 12953