# MEMO ENDORSED



THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**SUZANNA PUBLICKER METTHAM**
*Senior Counsel*
Tel.: (212) 356-2356
smettham@law.nyc.gov

January 2, 2018

Application denied.

**BY ECF**
Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

1-2-18

Re:  <u>Smith v. City of New York et al.</u>, 17-cv-6104 (WHP)

Your Honor:

   I am the Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York ("City"), representing defendant City in the above-referenced matter.[1] Defendant City writes to respectfully request that the Court stay this action *sine die*, pending the resolution of the ongoing New York City Department of Correction ("DOC") internal investigation into the subject use of force incident. This is the first request for a stay in this matter.  This Office was unable to obtain consent for the stay from Plaintiff, who appears *pro se*, as he is presently incarcerated and cannot be reached expeditiously. Should the Court grant this request, it will postpone the date by which Defendant City must answer or otherwise respond to the Complaint, which is presently due by January 16, 2018; the date by which Officer McQuillar must answer or otherwise respond to the complaint, which is presently due by January 8, 2018; and the initial case management conference, which is presently scheduled for January 25, 2018 at 10:30 A.M.

---

[1] This case is assigned to Assistant Corporation Counsel Daron Ravenborg, who is presently awaiting admission to Southern District of New York and is handling this matter under my supervision.  Mr. Ravenborg may be reached directly at 212-356-0822 or dravenbo@law.nyc.gov.

## A. <u>Background Information</u>

By way of background, Plaintiff filed the complaint in this matter on August 11, 2017, alleging that while he was incarcerated on Rikers Island on May 26, 2017, an unidentified number of DOC Officers, along with defendant Correction Officer McQuillar, used excessive force against him in the course of a cell search. (Complaint, Dkt. No. 1 at ¶¶ 8-12). Further, Plaintiff alleges that unidentified defendants "deprived [him of] proper medical attention," and that defendant City failed "to train employees." (Complaint, Dkt. No. 1 at ¶¶ 27, 31). On October 18, 2017, Your Honor issued an Order of Service which, *inter alia*¸ ordered Defendant City to identify several John and Jane Does pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997). (Oct. 18, 2017 Order, Dkt. No. 9).  On December 14, 2017, Defendant City filed a response to the <u>Valentin</u> Order.  (Dec. 14, 2017 City Response, Dkt. No. 18).

## B. <u>Request for Stay</u>

In the course of investigating this matter, the undersigned learned that there is an ongoing DOC Investigations Division investigation arising out of the incident alleged in the Complaint, and into the alleged actions of the officers identified above. Defendant City therefore respectfully requests a stay of this matter, pending the resolution of the DOC investigation for the following reasons.

First, this Office will be unable to resolve representational issues with the officers until the aforementioned DOC investigation is complete. <u>See</u> N.Y. Gen. Mun. L. § 50-k; <u>Mercurio v. City of N.Y.</u>, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting <u>Williams v. City of N.Y.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).  A stay here would safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation.  Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident in question. Should a stay not be granted, the City would likely be forced to represent the officers prior to learning the outcome of its own investigation concerning the officers' conduct. Should the officers later be found responsible for any wrongdoing as a result of that investigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all defendants.  Such a scenario would likely cause a greater disruption to the instant action than the requested stay.

Finally, the parties will likely require the documents associated with the DOC Investigation Division file, many of which (to the extent that they exist) will be protected from discovery by the deliberative process privilege prior to the conclusion of the DOC investigation. <u>See</u> <u>Nat'l Council of La Raza v. Dep't of Justice</u>, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted).

C. **Conclusion**

        For the foregoing reasons, Defendant City respectfully requests that the Court grant a stay of the instant litigation until the conclusion of the DOC investigation.  Should the Court grant the requested stay, at the direction of the Court, the undersigned will file status letters regarding the progress of the DOC investigation.

Respectfully submitted,

_____/s/_____
Suzanna Publicker Mettham
*Senior Counsel*
Special Federal Litigation Division

CC:   **BY FIRST-CLASS MAIL**
Sean Smith
DIN No. 17-R-2463
*Plaintiff Pro Se*
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, NY 12953