UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

SEAN SMITH,

                                                         Plaintiff,

             -against-

DOC GRVC CHIEF SECURITY JOHN DOE, DOC GRVC WARDEN JOHN AND JANE JOES, DOC GRVC DEPUTY JOHN AND JANE DOES, DOC GRVC OFFICER JOHN DOES, DOC GRVC CAPTAIN JOHN AND JANE DOES, GRVC DEPUTY COMRON, CAPTAIN PAIN, OFFICER MCQUILLAR, Shield No. 18638, and CITY OF NEW YORK.

                                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

**JURY TRIAL DEMANDED**

17 CV 6104 (WHP)

        Defendant City of New York (hereinafter "Defendant") by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York,[1] as and for an answer to Plaintiff's Complaint dated August 11, 2017 (the "Complaint"), respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in Paragraph "1" of the Complaint, except admits that there was an institutional search of George R. Vierno Center ("GRVC") housing area 15A which included cell 49, Plaintiff's cell, on May 26, 2017.

        2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint.

---

[1] Please take notice that this case is assigned to Assistant Corporation Counsel Daron Ravenborg, who is presently awaiting admission to the Southern District of New York and is handling this matter under my supervision. Mr. Ravenborg may be reached directly at 212-356-0822 or dravenbo@law.nyc.gov.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint, except admits, upon information and belief, that Plaintiff was instructed to remove the sheets from his bed and exit his cell with his mattress.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

10. Denies the allegations set forth in Paragraph "10" of the Complaint, except admits, upon information and belief, that plaintiff was seen by medical professionals on May 26, 2017.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. Denies the allegations set forth in Paragraph "14" of the Complaint, except admits, upon information and belief, that Plaintiff was taken to the main clinic, where he was seen by a doctor on May 26, 2017; that he was given Tylenol and a cold compress; that photographs were taken of Plaintiff on May 26, 2017; and that Plaintiff refused to give a voluntary statement when offered.

15. Denies the allegations set forth in Paragraph "15" of the Complaint, except admits, upon information and belief, that Plaintiff was moved to Pre-Hearing Detention Housing on May 26, 2017 and that Plaintiff was charged with 101.10 (Assault and Fighting) and 120.10 (Refusal to Obey a Direct Order) for his role in the incident.

16. Denies the allegations set forth in Paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint, except admits, upon information and belief, that an infraction hearing relating to the incident that forms the basis of this action began on June 2, 2017; that Plaintiff pleaded not guilty to all charges; and that Plaintiff consented to an adjournment of the hearing so that the adjudicating Captain could review video footage.

18. Denies the allegations set forth in Paragraph "9" of the Complaint, except admits, upon information and belief, that Plaintiff was found guilty of 101.10 (Assault and Fighting) on June 6, 2017 by Adjudication Captain Petty.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint, except admits that Plaintiff was found guilty of 101.10 (Assault and Fighting) on June 6, 2017.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint, except admits that Plaintiff received twenty-five (25) days of punitive segregation as a result of the infraction.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint, except denies that New York City Department of Correct records indicated that Plaintiff required heat sensitive housing.

27. Denies the allegations set forth in Paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29. Denies the allegations set forth in Paragraph "29" of the Complaint.

30. The allegations set forth in Paragraph "30" of the Complaint are legal conclusions to which no response is required.

31. The allegations set forth in Paragraph "31" of the Complaint are legal conclusions to which no response is required. However, to the extent a response is required, Defendant City denies the allegations set forth in Paragraph "31" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

32. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

33. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States, the States of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

34. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal Defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

35. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of Defendant City of New York. Fifth

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

36. Plaintiff provoked any incident.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

37. Plaintiff failed to mitigate his alleged damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

38. Punitive damages cannot be assessed against Defendant City of New York.

**<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:</u>**

39. Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies.

**<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE:</u>**

40. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of Defendant City of New York.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the Complaint in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
     January 16, 2018

               ZACHARY W. CARTER
               Corporation Counsel of the City of New York
               *Attorney for City of New York.*
               100 Church Street, Room 3-212
               New York, New York 10007
               (212) 356-2358

            By:   /s/
               Carolyn K. Depoian
               *Senior Counsel*
               *Special Federal Litigation Division*

**CC:**  **BY FIRST-CLASS MAIL**
    Sean Smith, DIN No. 17-R-2463
    *Plaintiff Pro Se*
    Franklin Correctional Facility
    62 Bare Hill Rd.
    P.O. Box 10
    Malone, NY 12953