UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SEAN SMITH,

                                             Plaintiff,

-against-

CITY OF NEW YORK, OFFICER MALCOLM MCQUILLAR, #18638, OFFICER CHRISTOPHER RAMIREZ, #11033, OFFICER JOSE NIEVES, #10384, ADW CHARLIE CAMERON, #1300, CAPTAIN MYRNA CONYERS, #597, DOE OFFICERS 1-8, individually,

                                             Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

**JURY TRIAL DEMANDED**

17-CV-6104 (WHP) (BCM)

------------------------------------------------------------------------ x

        Defendant City of New York[1][2] (hereinafter "Defendant") by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for an answer to Plaintiff's First Amended Complaint dated March 16, 2018 (the "Amended Complaint"), respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Defendant Mcquillar is represented by the law firm Koehler & Isaacs, LLP.
[2] The individuals identified in the Amended Complaint as "Officer Christopher Ramirez," "Officer Jose Nieves," "ADW Charlie Cameron," and "Captain Myrna Conyers" have not yet been served with process and as such are not defendants in this action.

3. Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that Plaintiff purports to base venue as stated therein.

4. Denies the allegations set forth in Paragraph "4" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Amended Complaint.

6. Denies the allegations set forth in paragraph "6" of the Amended Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

7. Denies the allegations set forth in paragraph "7" of the Amended Complaint, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Department of Corrections ("DOC").

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that Malcolm Mcquillar, Christopher Ramirez, Jose Nieves, Myrna Conyers, and Charlie Cameron are employed by the City of New York as members of the DOC, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants.

9. The allegations set forth in paragraph "9" of the Amended Complaint are legal conclusions to which no response is required.

10. The allegations set forth in paragraph "10" of the Amended Complaint are legal conclusions to which no response is required.

11. Admits the allegations set forth in paragraph "11" of the Amended Complaint.

12. Denies the allegations set forth in paragraph "12" of the Amended Complaint, except admits, upon information and belief, that on May 26, 2017 there was an institutional search of George R. Vierno Center ("GRVC") housing area 15A around 8:00 a.m., that sixteen (16) inmates' cells were searched, that Plaintiff's cell was part of the institutional search, and that Plaintiff was subject to a visual strip search. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of whether strip searches were conducted on other inmates, and if so, of which inmates.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint, except admits, upon information and belief that Officers assigned to a "suit team" wear helmets and protective gear.

17. Admits the allegations set forth in paragraph "17" of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint, except admits, upon

information and belief that Officer Mcquillar was assigned to search Plaintiff's cell, which was cell number 49.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint, except admits, upon information and belief that Officer Ramirez searched cell number 48.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint, except admits, upon information and belief, that Plaintiff was subject to a strip search.

21. Denies the allegations set forth in paragraph "21" of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23. Denies the allegations set forth in paragraph "23" of the Amended Complaint.

24. Denies the allegations set forth in paragraph "24" of the Amended Complaint, except admits, upon information and belief, that Plaintiff was ordered to remove his mattress from his cell.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint.

27. Denies the allegations set forth in paragraph "27" of the Amended Complaint.

28. Denies the allegations set forth in paragraph "28" of the Amended Complaint, except admits that Plaintiff was hand cuffed with zip-ties.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint.

30. Denies the allegations set forth in paragraph "30" of the Amended Complaint.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint, except admits, that officers stepped backwards to make space for Plaintiff who was brought to the ground in order to handcuff him. Defendant further denies knowledge or information sufficient to form a belief as to the truth of whether Captain Conyers shouted for all DOC staff to vacate the housing area.

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint, except states that, upon information and belief, the inmate identified by Plaintiff as "R.B." ignored orders to return to his cell and attempted to push past Corrections Officers to assist Plaintiff. Defendant further admits, upon information and belief, that "R.B." was infracted, but states that the infraction against "R.B." was suspended because "R.B" was discharged from DOC custody before an infraction hearing could take place.

34. Denies the allegations set forth in paragraph "34" of the Amended Complaint.

35. Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint, except admits, upon information and belief, that Plaintiff was seen by medical staff at approximately 12:40 p.m.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Amended Complaint.

38. Denies the allegations set forth in paragraph "38" of the Amended Complaint, except admits, upon information and belief, that Plaintiff was given Tylenol at the clinic. Defendant further admits, upon information and belief, that Plaintiff was placed in pre-detention housing on May 26, 2017.

39. Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41. Denies the allegations set forth in paragraph "41" of the Amended Complaint, and states that Plaintiff did not require additional medical treatment.

42. Paragraph "42" contains no factual averment requiring a response. To the extent a response is required, Defendant denies the allegations in paragraph "42."

43. Paragraph "43" contains no factual averment requiring a response. To the extent a response is required, Defendant denies the allegations in paragraph "43."

44. Paragraph "44" contains no factual averment requiring a response. To the extent a response is required, Defendant denies the allegations in paragraph "44."

45. Paragraph "45" contains no factual averment requiring a response. To the extent a response is required, Defendant denies the allegations in paragraph "45."

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the Amended Complaint, and respectfully refers the Court to the report identified by Plaintiff for a full and accurate recitation of its contents.

49. Denies the allegations set forth in paragraph "49" of the Amended Complaint, and respectfully refers the Court to the report identified by Plaintiff for a full and accurate recitation of its contents.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Amended Complaint, and respectfully refers the Court to the indictment and arrest documents cited by Plaintiff for a full and accurate recitation of their contents.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint, and respectfully refers the Court to the conviction cited by Plaintiff for a full and accurate recitation of its contents.

52. Denies the allegations set forth in paragraph "52" of the Amended Complaint, and respectfully refers the Court to the investigative report identified by Plaintiff for a full and accurate recitation of its contents.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the Amended Complaint.

55. Denies the allegations set forth in paragraph "55" of the Amended Complaint.

56. Denies the allegations set forth in paragraph "56" of the Amended Complaint.

57. Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58. The allegations set forth in paragraph "58" of the Amended Complaint are legal conclusions to which no response is required.

59. Denies the allegations set forth in paragraph "59" of the Amended Complaint.

60. The allegations set forth in paragraph "60" of the Amended Complaint are legal conclusions to which no response is required.

61. Denies the allegations set forth in paragraph "61" of the Amended Complaint.

62. The allegations set forth in paragraph "62" of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph "62."

63. Denies the allegations set forth in paragraph "63" of the Amended Complaint.

64. In response to the allegations set forth in paragraph "64" of the Amended Complaint, Defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

65. Denies the allegations set forth in paragraph "65" of the Amended Complaint.

66. Denies the allegations set forth in paragraph "66" of the Amended Complaint.

67. Denies the allegations set forth in paragraph "67" of the Amended Complaint.

68. In response to the allegations set forth in paragraph "68" of the Amended Complaint, Defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the Amended Complaint.

70. Denies the allegations set forth in paragraph "70" of the Amended Complaint.

71. Denies the allegations set forth in paragraph "71" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

72. Denies the allegations set forth in paragraph "72" of the Amended Complaint.

73. In response to the allegations set forth in paragraph "73" of the Amended Complaint, Defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

74. Denies the allegations set forth in paragraph "74" of the Amended Complaint.

75. Denies the allegations set forth in paragraph "75" of the Amended Complaint.

76. Denies the allegations set forth in paragraph "76" of the Amended Complaint.

77. In response to the allegations set forth in paragraph "77" of the Amended Complaint, Defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

78. Denies the allegations set forth in paragraph "78" of the Amended Complaint.

79. Denies the allegations set forth in paragraph "79" of the Amended Complaint.

80. Denies the allegations set forth in paragraph "80" of the Amended Complaint.

81. Denies the allegations set forth in paragraph "81" of the Amended Complaint.

82. In response to the allegations set forth in paragraph "82" of the Amended Complaint, Defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

83. Denies the allegations set forth in paragraph "83" of the Amended Complaint.

84. Denies the allegations set forth in paragraph "84" of the Amended Complaint.

85. Denies the allegations set forth in paragraph "85" of the Amended Complaint.

86. Denies the allegations set forth in paragraph "86" of the Amended Complaint.

87. Denies the allegations set forth in paragraph "87" of the Amended Complaint.

88. Denies the allegations set forth in paragraph "88" of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

89. Denies the allegations set forth in paragraph "87" of the Amended Complaint.

90. In response to the allegations set forth in paragraph "90" of the Amended Complaint, Defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

91. Denies the allegations set forth in paragraph "91" of the Amended Complaint.

92. Denies the allegations set forth in paragraph "92" of the Amended Complaint.

93. Denies the allegations set forth in paragraph "93" of the Amended Complaint.

94. Denies the allegations set forth in paragraph "94" of the Amended Complaint.

95. Denies the allegations set forth in paragraph "95" of the Amended Complaint.

96. Denies the allegations set forth in paragraph "96" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

97. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

98. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States, the States of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

99. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of Defendant City of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

100. Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

101. Punitive damages cannot be assessed against Defendant City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

102. Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the Amended Complaint in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	March 30, 2018

			ZACHARY W. CARTER
			Corporation Counsel of the City of New York
			*Attorney for City of New York*
			100 Church Street, Room 3-160
			New York, New York 10007
			(212) 356-0822

			By:	/s/
				Daron R. Ravenborg
				*Assistant Corporation Counsel*
				Special Federal Litigation Division

CC:	**BY EFC**
	Ryan Lozar, Esq.
	*Attorney for Plaintiff*
	305 Broadway, 9th Floor
	New York, NY 10007

CC:	**BY ECF**
	Ethan Felder, Esq
	Koehler & Isaacs, LLP
	61 Broadway 25th Floor
	New York, NY 10006