UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAN SMITH,

                Plaintiff,

             -against-

THE CITY OF NEW YORK et al.

                Defendants.

------------------------------------------------------------X

**DEFENDANT RAMIREZ ANSWER TO FIRST AMENDED COMPLAINT**
Index No. 17-cv-6104

Defendant **C.O. CHRISTOPHER RAMIREZ** ("Defendant") by his attorneys, **KOEHLER & ISAACS LLP**, as and for an Answer with Cross-Claims to the First Amended Complaint, sets forth, upon information and belief, as follows:

### AS AND FOR A RESPONSE TO JURISDICTION AND VENUE

1.  The statements contained in paragraph "1" of the First Amended Complaint do not require a response. To the extent a response is necessary Defendant denies all allegations and refers all questions of law to this Honorable Court.

2.  The statements contained in paragraph "2" of the First Amended Complaint do not require a response. To the extent a response is necessary Defendant denies all allegations and refers all questions of law to this Honorable Court.

3.  The statements contained in paragraph "3" of the First Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and refers all questions of law to this Honorable Court.

### AS AND FOR A RESPONSE TO JURY DEMAND

4.  The statements contained in paragraph "4" of the First Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and further refers all questions of law to this Honorable Court.

### AS AND FOR A RESPONSE TO PARTIES

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "5" of the First Amended Complaint.

6.  Admit.

7.  Admit.

8.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "8" of the First Amended Complaint except admits he is a correction officer employed by the Department of Correction.

9.     The statements contained in paragraph "9" of the First Amended Complaint do not require a response. To the extent a response is necessary, Defendant was acting within the scope of his employment and refers all questions of law to this Honorable Court.

10.    Defendant denies the allegations contained in paragraph "10" of the First Amended Complaint except admits he was acting within the scope of his employment as a correction officer.

## AS A FOR A RESPONSE TO THE FACTS

11.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "11" of the First Amended Complaint.

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "12" of the First Amended Complaint.

13.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "13" of the First Amended Complaint.

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "14" of the First Amended Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "15" of the First Amended Complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "16" of the First Amended Complaint.

17.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "17" of the First Amended Complaint.

18.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "18" of the First Amended Complaint except admits a search was undertaken in accordance with DOC rules and regulations.

19.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "19" of the First Amended Complaint.

20.    Defendant denies the truth of the allegations contained in paragraph "20" of the First Amended Complaint.

21. Defendant denies the truth of the allegations contained in paragraph "21" of the First Amended Complaint.

22. Defendant denies the truth of the allegations contained in paragraph "22" of the First Amended Complaint.

23. Defendant denies the truth of the allegations contained in paragraph "23" of the First Amended Complaint.

24. Defendant denies the truth of the allegations contained in paragraph "24" of the First Amended Complaint.

25. Defendant denies the truth of the allegations contained in paragraph "25" of the First Amended Complaint.

26. Defendant denies the truth of the allegations contained in paragraph "26" of the First Amended Complaint.

27. Defendant denies the truth of the allegations contained in paragraph "27" of the First Amended Complaint.

28. Defendant denies the truth of the allegations contained in paragraph "28" of the First Amended Complaint.

29. Defendant denies the truth of the allegations contained in paragraph "29" of the First Amended Complaint.

30. Defendant denies the truth of the allegations contained in paragraph "30" of the First Amended Complaint.

31. Defendant denies the truth of the allegations contained in paragraph "31" of the First Amended Complaint.

32. Defendant denies the truth of the allegations contained in paragraph "32" of the First Amended Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "33" of the First Amended Complaint.

34. Defendant denies the truth of the allegations contained in paragraph "34" of the First Amended Complaint.

35. Defendant denies the truth of the allegations contained in paragraph "35" of the First Amended Complaint.

36. Defendant denies the truth of the allegations contained in paragraph "36" of the First Amended Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "37" of the First Amended Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "38" of the First Amended Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "39" of the First Amended Complaint.

40. Defendant denies the truth of the allegations contained in paragraph "40" of the First Amended Complaint and refers all questions of law to this Honorable Court.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "41" of the First Amended Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "42" of the First Amended Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "43" of the First Amended Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "44" of the First Amended Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "45" of the First Amended Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "46" of the First Amended Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "47" of the First Amended Complaint and refers all questions of law to this Honorable Court.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "48" of the First Amended Complaint and refers all questions of law to this Honorable Court.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "49" of the First Amended Complaint and refers all questions of law to this Honorable Court.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "50" of the First Amended Complaint and refers all questions of law to this Honorable Court.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "51" of the First Amended Complaint and refers all questions of law to this Honorable Court.

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "52" of the First Amended Complaint and refers all questions of law to this Honorable Court.

53.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "53" of the First Amended Complaint and refers all questions of law to this Honorable Court.

54.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "54" of the First Amended Complaint and refers all questions of law to this Honorable Court.

55.     Defendant denies the truth of the allegations contained in paragraph "55" of the First Amended Complaint.

56.     Defendant denies the truth of the allegations contained in paragraph "56" of the First Amended Complaint.

57.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "57" of the First Amended Complaint and refers all questions of law to this Honorable Court.

58.     Defendant denies the truth of the allegations contained in paragraph "58" of the First Amended Complaint and refers all questions of law to this Honorable Court.

59.     Defendant denies the truth of the allegations contained in paragraph "59" of the First Amended Complaint and refers all questions of law to this Honorable Court.

60.     Defendant denies the truth of the allegations contained in paragraph "60" of the First Amended Complaint except admits he acted within the scope of his employment in accordance with DOC rules and regulations.

61.     Defendant denies the truth of the allegations contained in paragraph "61" of the First Amended Complaint and refers all questions of law to this Honorable Court.

62.     Defendant denies the truth of the allegations contained in paragraph "62" of the First Amended Complaint and refers all questions of law to this Honorable Court.

63.     Defendant denies the truth of the allegations contained in paragraph "63" of the First Amended Complaint and refers all questions of law to this Honorable Court.

### AS AND FOR A RESPONSE TO THE FIRST CLAIM: 42 U.S.C. §1983

64.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "63" above with the same force and effect as if fully set forth herein.

65.     Defendant denies the truth of the allegations contained in paragraph "65" of the First Amended Complaint and refers all questions of law to this Honorable Court.

66.     Defendant denies the truth of the allegations contained in paragraph "66" of the First Amended Complaint and refers all questions of law to this Honorable Court.

67.     Defendant denies the truth of the allegations contained in paragraph "67" of the First Amended Complaint and refers all questions of law to this Honorable Court.

### AS AND FOR A RESPONSE TO THE SECOND CLAIM: ALLEGED EXCESSIVE FORCE AND RELATED FAILURE-TO-INTERVENE

68.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "67" above with the same force and effect as if fully set forth herein.

69.     Defendant denies the truth of the allegations contained in paragraph "69" of the First Amended Complaint and refers all questions of law to this Honorable Court.

70.     Defendant denies the truth of the allegations contained in paragraph "70" of the First Amended Complaint and refers all questions of law to this Honorable Court.

71.     Defendant denies the truth of the allegations contained in paragraph "71" of the First Amended Complaint and refers all questions of law to this Honorable Court.

72.     Defendant denies the truth of the allegations contained in paragraph "72" of the First Amended Complaint and refers all questions of law to this Honorable Court.

### AS AND FOR A RESPONSE TO THE THIRD CLAIM: ALLEGED UNREASONABLY PERFORMED STRIP SEARCH

73.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "72" above with the same force and effect as if fully set forth herein.

74.     Defendant denies the truth of the allegations contained in paragraph "74" of the First Amended Complaint and refers all questions of law to this Honorable Court.

75.     Defendant denies the truth of the allegations contained in paragraph "75" of the First Amended Complaint and refers all questions of law to this Honorable Court.

76.     Defendant denies the truth of the allegations contained in paragraph "76" of the First Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO THE FOURTH CLAIM: ALLEGED DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

77.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "76" above with the same force and effect as if fully set forth herein.

78.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "78" of the First Amended Complaint and refers all questions of law to this Honorable Court.

79.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "79" of the First Amended Complaint and refers all questions of law to this Honorable Court.

80.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "80" of the First Amended Complaint and refers all questions of law to this Honorable Court.

81.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "81" of the First Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO FIFT CLAIM: ALLEGED CRUEL AND UNUSUAL PUNISHMENT AND RELATED FAILURE-TO-INTERVENE DEFENDANT CAMERON AND DEFENDANT NIEVES

82.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "81" above with the same force and effect as if fully set forth herein.

83.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "83" of the First Amended Complaint and refers all questions of law to this Honorable Court.

84.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "84" of the First Amended Complaint and refers all questions of law to this Honorable Court.

85.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "85" of the First Amended Complaint and refers all questions of law to this Honorable Court.

86.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "86" of the First Amended Complaint and refers all questions of law to this Honorable Court.

87.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "87" of the First Amended Complaint and refers all questions of law to this Honorable Court.

88.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "88" of the First Amended Complaint and refers all questions of law to this Honorable Court.

89.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "89" of the First Amended Complaint and refers all questions of law to this Honorable Court.

### AS AND FOR A RESPONSE TO SIXTH CLAIM: ALLEGED MONELL

90.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "89" above with the same force and effect as if fully set forth herein.

91.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "91" of the First Amended Complaint and refers all questions of law to this Honorable Court.

92.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "92" of the First Amended Complaint and refers all questions of law to this Honorable Court.

93.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "93" of the First Amended Complaint and refers all questions of law to this Honorable Court.

94.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "94" of the First Amended Complaint and refers all questions of law to this Honorable Court.

95.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "95" of the First Amended Complaint and refers all questions of law to this Honorable Court.

96.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "96" of the First Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted against the Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the circumstances of this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to any setoff applicable under the circumstances of this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to immunity as he, at all times relevant to the Complaint, reasonably, properly and lawfully exercised their discretion as public employees.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims in whole or in part are untimely.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy mandatory conditions precedent to the instant action including but without limitation, those established under Sections 50-e, 50-h and 50-i of the New York General Municipal Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, resulted solely from his own culpable or negligent conduct or the culpable or negligent conduct of others and were not the proximate result of action by the Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and/or supplement these affirmative defenses during the course of this litigation.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

9

The plaintiff's claim should be dismissed because the court lacks jurisdiction over the defendant.

### FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

97. At all times relevant in this action, all of the actions of the Defendant were performed as part of his duties and within the scope of his employment and the rules and regulations as a Correction Officer for the New York City Department of Correction.

98. Any damages sustained by the plaintiff at the time or place mentioned in the Complaint are embraced within the indemnification clause of Section 50-k of the New York State General Municipal Law.

99. Section 50-k(3) of the New York State General Municipal Law states:

> **The city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.**

100. Pursuant to 50-k(3), if it is shown that if the Defendant is in any way liable to the plaintiff based upon on the allegations in the Complaint, the Defendant is entitled to recover from the City of New York the full amount of any judgment which might be rendered against the Defendants.

### SECOND CROSS CLAIM AGAINST DEFENDANT CITY OF NEW YORK

101. Defendant repeats, reiterates and re-alleges the allegations set forth in paragraphs "97" through "100" with the same force and effect as if fully set forth herein.

102. Pursuant to Section 50-k(2) of the New York State General Municipal Law:

> **At the request of the employee and upon compliance by the employee with the provisions of subdivision four of this section, the city shall provide for the defense of an employee of an**

10

> **agency in any civil action or proceeding in any state or federal court including actions under sections nineteen hundred eighty-one through nineteen hundred eighty-eight of the title forty-two of the United States code arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred. This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the city or state or an agency of either.**

103.    Upon information and belief, Defendant was not the subject of any disciplinary action and fully complied with all requirements under the New York State General Municipal Law.

104.    Accordingly the City wrongfully failed to provide for Defendant's defense in this action.

### THIRD CROSSCLAIM AGAINST DEFENDANT CITY OF NEW YORK

105.    Defendant repeats, reiterates and re-alleges the allegations set forth in paragraphs "97" through "104" with the same force and effect as if fully set forth herein.

106.    Defendant has denied the material allegations asserted against them in the underlying action and have asserted affirmative defenses.

107.    If the plaintiff sustained injuries and damages alleged in the First Amended Complaint, such injuries and damages were sustained by reason of negligence by the Defendant City of New York, its agents, servants and/or employees.

108.    Therefore, if the injuries and damages alleged in the First Amended Complaint were caused as a result of negligence or wrongdoing other than by the plaintiff's own culpable conduct, then such damage is a result of the knowing, reckless and/or grossly negligent acts and omissions of the Defendant City of New York and its supervisory officials.

109.    Consequently, if it is shown that the Defendant is in any way liable to the plaintiff based upon the allegations in the First Amended Complaint, Defendant is entitled to recover from the City of New York the full amount of any judgment that might be rendered against the Defendant.

**WHEREFORE**, Defendant **C.O. CHRISTOPHER RAMIREZ** respectfully demands:

    a.  Judgment dismissing the First Amended Complaint in its entirety;

11

b. Judgment on each of his cross-claims against the Defendant City of New York for the amount of any judgment that may be obtained herein by the plaintiff against the Defendant, or in an amount equal to the excess over and above his equitable share of any such judgment and

c. Together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 21, 2018

                                      Respectfully Submitted,

                                      KOEHLER & ISAACS LLP

                                      ___/s/ Ethan Felder_____
                                      Ethan Felder (EF - 1987)
                                      Attorney for Defendant: *Ramirez*
                                      61 Broadway, 25th Floor
                                      New York, New York 10006
                                      PH: (917) 551-1317