UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SEAN SMITH,

                                               Plaintiff,

-against-

CITY OF NEW YORK, OFFICER MALCOLM MCQUILLAR, #18638, OFFICER CHRISTOPHER RAMIREZ, #11033, OFFICER JOSE NIEVES, #10384, ADW CHARLIE CAMERON, #1300, CAPTAIN MYRNA CONYERS, #597, DOE OFFICERS 1-8, individually,

                                             Defendants.

**CITY OF NEW YORK'S ANSWER TO THE CROSS CLAIMS OF DEFENDANT CHRISTOPHER RAMIREZ**

17-CV-6104 (WHP)(BCM)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York, by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Cross Claims of Defendant Christopher Ramirez, respectfully alleges, upon information and belief, as follows:

        1.     Defendant repeats and realleges each and every paragraph of their Answers to the First Amended Complaint dated March 30, 2018, as if fully set forth herein, including all affirmative defenses set forth therein.

        2.     The allegations set forth in paragraph "97" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph "97."

        3.     The allegations set forth in paragraph "98" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims are legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the allegations in paragraph "98."

4. Paragraph "99" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims does not contain a factual averment against the City of New York. Defendant respectfully refers the Court to the applicable statute for an accurate recitation of its contents.

5. The allegations set forth in paragraph "100" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph "100."

6. In response to the allegations set forth in paragraph "101" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims, Defendant City repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

7. Paragraph "102" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims does not contain a factual averment against the City of New York. Defendant respectfully refers the Court to the applicable statute for an accurate recitation of its contents.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims, except states that to the extent paragraph "103" contains legal conclusions, no response is required.

9. Denies the allegations set forth in paragraph "104" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims.

10. In response to the allegations set forth in paragraph "105" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims, Defendant City repeats and re-alleges the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

11. Denies the allegations set forth in paragraph "106" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims, and respectfully refers the Court to Defendant City's Answer to Plaintiff's First Amended Complaint for a full and accurate recitation of its contents.

12. Denies the allegations set forth in paragraph "107" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims.

13. Denies the allegations set forth in paragraph "108" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims.

14. Denies the allegations set forth in paragraph "109" of Defendant Ramirez's Answer to the First Amended Complaint with Cross Claims.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

15. The Cross Claims fail to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

16. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the City of New York violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

17. At all times relevant to the incident, Defendant City of New York acted reasonably in the proper and lawful exercise of its discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

18. To the extent Defendant Ramirez asserts state law claims against the City of New York, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

19. Defendant Ramirez may have been acting in violation of the rules and regulations of the New York City Department of Corrections and may have been acting outside the scope of his employment at the time of the incident giving rise to the instant case.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS:**

20. Defendant Ramirez's Cross Claims against Defendant City are not ripe for adjudication.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

21. This Court lacks subject matter jurisdiction over Defendant Ramirez.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

22. Any injury alleged to have been sustained by Plaintiff was not the proximate result of conduct on the part of Defendant City of New York and resulted in whole or in part from the culpable, negligent and/or intervening conduct of Defendant Ramirez.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE TO THE CROSS CLAIMS**:

23. Defendant Ramirez's Cross Claims may be barred in part by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE**, Defendant City of New York requests judgment dismissing the Cross Claims of Defendant Ramirez, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 3, 2018

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the
                                      City of New York
                                      *Attorney for Defendants City of New York and Cameron*
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-0822

                            By:           /s/
                                      Daron R. Ravenborg
                                      *Assistant Corporation Counsel*
                                      Special Federal Litigation Division

**CC:**    **BY EFC**
            Ryan Lozar, Esq.
            *Attorney for Plaintiff*
            305 Broadway, 9th Floor
            New York, NY 10007

**CC:**    **BY ECF**
            Ethan Felder, Esq
            Koehler & Isaacs, LLP
            61 Broadway 25th Floor
            New York, NY 10006

Index No. 17 CV 6104 (WHP)(BCM)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SEAN SMITH,**

**Plaintiff,**

-against-

**CITY OF NEW YORK, OFFICER MALCOLM MCQUILLAR, #18638, OFFICER CHRISTOPHER RAMIREZ, #11033, OFFICER JOSE NIEVES, #10384, ADW CHARLIE CAMERON, #1300, CAPTAIN MYRNA CONYERS, #597, DOE OFFICERS 1-8, individually,**

**Defendants.**

---

**CITY OF NEW YORK'S ANSWER TO THE CROSS CLAIMS OF DEFENDANT RAMIREZ**

---

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant the City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Daron R. Ravenborg*
*Tel: (212) 356-0822*

---

*Due and timely service is hereby Admitted.*

*New York, N.Y. ............................................, 2018......*

*............................................................................. Esq.*

*Attorney for......................................................................*